8m 131
97  772

## Burk, McKee & Co. *vs* Morrison.          CASE.

ERROR TO THE TODD CIRCUIT.          *Case* 35.

*Assignor and assignee. Diligence by suit. New trial.*     December 28,

JUDGE SIMPSON delivered the opinion of the Court.

ON the 21st July, 1840, the defendant assigned to the     Case stated.
plaintiffs in error, a promissory note on Stephen Mallo-
ry, for one thousand dollars, falling due 27th December,
1840.

Mallory, the payor of the note, resided at the time
of the assignment, in the county of Christian. Before
the note fell due, he removed to the county of Trigg,
taking along with him all of his property, where he
continued to reside until the latter part of the year 1841.

The plaintiffs in error, before the maturity of the note,
assigned it to Hamilton Smith, who in the month of
January, 1841, instituted suit thereon in his own name,
against the maker, in the county of Christian, and at
the following May term, recovered a judgment, upon
which he issued an execution to the county where the
judgment was obtained; and upon that execution hav-
ing been returned no property found, afterwards, in the
month of October, issued an execution to the county of
Trigg, which also proved ineffectual.

In the year 1841, the Circuit Court in the county of
Trigg commenced its spring term on the first Monday
in April, and in the county of Christian on the first
Monday in May.

In September, 1842, Hamilton Smith assigned to
Burk, McKee & Co., the plaintiffs in error, the judg-
ment against Mallory, in which assignment he recites
that the note on which the judgment had been obtained
in his name, had been assigned to him by Burk, McKee
& Co., without consideration, as their attorney at law,
for the purpose of collection merely, and he therefore, to
enable them to recover the amount of the debt from J.
J. Morrison, their immediate assignor, transfers to them

the judgment, and every right or interest incident to the same.

This suit was afterwards brought by the plaintiffs in error, against Morrison as assignor. The evidence on the trial, in addition to the foregoing facts, conduced to prove, that the removal of Mallory from the county of Christian to the county of Trigg, was notorious in the neighborhood where he had resided, that the place of his residence in Trigg was well known, and that he had visible property in his possession at his place of residence, subject to execution, out of which, a part, if not all of the debt sued for, might have been made at any time before the last of June, 1841.

The defendant obtained a verdict and judgment against the plaintiffs. Two questions arise in the case: First. Have the plaintiffs, or Smith, their attorney, in whose name the proceedings were carried on, used legal diligence, such as is necessary to hold the assignor responsible? Secondly. Can these plaintiffs maintain this action, although the judgment was not assignable at law, and the transfer by Smith passed to them only an equity? Does the relation that existed between them and Smith, he having held the legal title to the paper for their benefit, enable them to prosecute this suit in their own name?

The question of due diligence first claims our consideration. In what county should the suit have been instituted? Undoubtedly in that county where the payor resided at the time of the commencement of the suit, if he had any known place of residence. Was it due diligence on the part of the assignee, to bring suit in the county where the maker of the note resided at the time of the assignment, unless he had knowledge of his change of residence? Or was it his duty to make inquiry, and ascertain how the fact was, before he brought suit? An assignee, it is true, is held only to the exercise of ordinary diligence. But even ordinary diligence would seem to require the use of reasonable exertions to learn the place of the defendant's residence, previously to the commencement of a suit against him. If the assignor resided at a distance, he might have no

A suit by assignee should be brought in the county of the residence of the obligor in the note assigned, if his residence has been changed since making the note, it is the duty of the assignee to use diligence to ascertain the county of his residence and there bring the suit.

knowledge of the debtor's change of residence, although it might be known to one half of the inhabitants in the county where he had formerly resided. Could it be considered reasonable diligence under such circumstances, to bring a suit in the county where the debtor formerly resided, relying upon a presumed continuance of residence, and justifying the act, on the ground of want of knowledge on the subject? It would be, in fact, gross negligence. The distant residence of the creditor from that of the debtor, would only make the duty of inquiry more imperative, as the probability of knowledge on the subject, would be diminished in proportion to the space that divided their places of residence.

In this case the debtor's removal was well known in the neighborhood of his former residence. The slightest degree of enquiry would have resulted in the acquisition of the necessary information, to have enabled the assignee of the note, to have commenced his suit in the proper county. Had it been brought in the county of the debtor's residence, a judgment would have been obtained a month earlier, and in all probability the debt would have been saved.

Had the first execution upon the judgment that was obtained, been directed to that county, the same result might have ensued. The suit and judgment in Christian, and the execution to the same county, in which county the defendant had no property or place of residence, was perfectly futile, and manifested an utter want of due and proper diligence.

As this question is decisive against the plaintiff's right of recovery, it is unnecessary to take the other into consideration.

The evidence introduced on the trial, for the purpose of showing the notoriety of the debtor's removal, and which was objected to, was obviously proper. Its object was to prove that reasonable inquiry would have enabled the plaintiffs before they brought their suit, to have ascertained the change, in the debtors place of residence. For that purpose it was clearly admissible.

The first trial of the cause in the Circuit Court, resulted in a verdict for the plaintiffs. They now insist

When the assignee brought suit in a county in which the debtor did not reside, and when the Court sat one month later than in the county of the debtor's residence, and when judgment was recovered, sued out execution to the county where the judgment was obtained, and delayed for four months to sue out execution to the county of debtors residence—It was held that all recovery upon the assignor was lost by the negligence in the assignee. Can any other person than the assignee of a note sue the assignor at law, to render the assignor liable?—QUERE.

BURK, McKEE
& Co.
*vs*
MORRISON.

they are entitled to a judgment upon that verdict, not-withstanding the Court granted the defendant a new trial.

The evidence upon which that verdict was given, is not incorporated into the record. A bill of exceptions which was taken on the occasion states: the Court granted a new trial because the plaintiffs had introduced no proof that they were the individuals composing the firm of Burk, McKee & Co.

Where partners sue in case and the general issue is pleaded, the burthen of proof devolves upon the plaintiffs, to show every fact necessary to maintain their action, to do which they must prove a joint promise to the whole of them.

As the exceptions shows there was no proof on that subject, as the general issue in an action of assumpsit, makes it incumbent on the plaintiffs to prove every fact necessary to enable them to recover, and as they could not succeed in this case unless they established a joint promise to the whole of them, we are clearly of opinion the new trial was, for this reason, properly granted.

Where the bill of exceptions certified to this Court, does not contain all the evidence in the case, this Court cannot say that the decision of the Court below in granting a new trial, was wrong.

But as the exception is merely to the reason assigned by the Court for awarding a new trial, and as upon the whole evidence exhibited, the decision of the Court may have been correct on other grounds, this Court could not determine, in the absence of such testimony, that the Court erred in granting a new trial, even had the cause assigned been deemed insufficient.

The law in relation to due and legal diligence, was laid down by the Court below in its instructions to the jury, at least as favorable to the plaintiffs, if not more so, than the doctrines contained in this opinion would seem to justify. Consequently, there was nothing in those instructions of which the plaintiffs in error had any right to complain.

Wherefore, the judgment is affirmed.

*Fry & Page* for plaintiffs; *B. & A. Monroe, Morehead & Reed, Woolley and Kinkead*, for defendant.